The Honorable Mark L. Pryor State Representative 2200 Worthen Bank Building 200 W. Capitol Avenue Little Rock, AR 72201-3699
Dear Representative Pryor:
This is in response to your request for an opinion regarding Medicaid payments and subsequent reimbursement by third party insurers. You state that Arkansas Children's Hospital ("ACH") frequently comes across situations in which a patient is eligible for Medicaid, an application is made and benefits are paid to ACH. After the receipt of the Medicaid benefits, ACH becomes aware that a third party is responsible for insurance or the patient is covered by insurance. Your specific question is as follows:
 Can ACH seek payment of its full charges from either the patient or an insurance provider in situations where ACH has collected the full amount of its entitlement from Medicaid and Medicaid has been subsequently reimbursed by a third party or third party insurer?
The answer to your question is clearly "no" with regard to the patient. Arkansas Code Annotated § 20-77-104(a) (Repl. 1991) states that any provider of medical services who participates in the Arkansas Medicaid Program is prohibited from billing or receiving payment from any Medicaid-eligible person or any other prospective payee for services for which payment has been made in full. Subsection (c) of § 20-77-104 states:
 It is the intent of this section and § 20-77-105 to prohibit any payment of any Medicaid-eligible person or his or her payee in excess of the rate or fee for service that the medical service provider has agreed to accept as payment in full as evidenced by written agreement or contract to participate in the Arkansas Medicaid Program.
It is thus clear that ACH cannot seek payment from the patient. As to the hospital's effort to seek payment from a third party, it should be noted that the third party may contend, as an initial matter, that there is no balance owing because the provider has agreed to accept payment from Medicaid as payment in full for the covered services. Sections 20-77-104 and -105 are not, in my opinion, absolutely clear in this regard, except as to any additional payment by the Medicaid recipient. It may be contended that the concern reflected in these Code sections does not apply where payment is sought from a third party. My research has yielded no helpful case law authority on this issue. The contract to participate in the Medicaid program does suggest that at least where Medicaid has not been reimbursed, the provider may take assignment and file claim with third party sources after Medicaid has paid. See "Contract to Participate In the Arkansas Medicaid Assistance Program" at I-25 (revised 4-1-91)[1]
The contract is, however, unclear regarding third party payment after Medicaid has been reimbursed, nor is this issue clearly addressed in the Arkansas Medicaid Manual ("Subject: Provider Participation") at I-28 (Revised 4-1-91). The question may, therefore, be the appropriate subject of regulatory review. Otherwise, it appears that resort to the courts will be necessary.
Even assuming, however, that Sections 20-77-104 and -105 do not prevent a provider from seeking the balance of its charges from a third party, the inquiry must, in my opinion, ultimately focus on whether the provider is, in fact, receiving payment from the Medicaid recipient. This will involve a case-by-case determination. If, for instance, ACH attempts to enforce a lien on any claim, right of action, or money to which the patient is entitled as a result of an injury, any resulting payment may still run afoul of Sections 20-77-104 and -105. The provider must, in my opinion, show that in pursuing the balance of its charges, it is not in fact receiving payment from the patient.
While I cannot, due to the absence of authority and the existence of fact questions, offer a conclusive response to your question, the foregoing sets forth what I believe are the relevant considerations in addressing this matter.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Medicaid must be reimbursed up to the amount it paid for the services. See Contract at I-25, 1.E.